**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **MURTAZA ALI,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **Case No. CIV-2011-505-C** |
| | ) |
| **JUSTIN JONES, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## REPORT & RECOMMENDATION

Plaintiff, a state prisoner appearing through counsel, brings this action pursuant to 42 U.S.C. § 1983, alleging various violations of his constitutional rights. United States District Judge Robin J. Cauthron has referred the matter to the undersigned Magistrate Judge[1] for initial proceedings consistent with 28 U.S.C. § 636(b) (1) (B). Currently before the Court are three motions:  Motion to Dismiss/Motion for Summary Judgment Regarding Plaintiff's Third Amended Complaint by Defendants Carol Deboe, Curtis Hood, Irene Lee, Steve Moles, and Greg Province (Motion for Summary Judgment of DOC Defendants), ECF No. 161; Motion for Summary Judgment in Response to Plaintiff's Third Amended Complaint by Defendants Dean Caldwell and David Miller (Motion for Summary Judgment of LCF Defendants), ECF No. 163; and Joint Motion for Judgment and Brief in Support by Dean Caldwell, Carol Deboe, Curtis Hood, Irene Lee, David Miller, Steve Moles, and Greg Province (DOC Defendants Joint Motion for Judgment), ECF No. 181. Despite generous extensions of time to do so, Plaintiff has failed to respond to the motions for summary judgment, and has not responded to the most recent dispositive motion based on his failure to file any objection or respond to

---

[1] The action was initially referred to Magistrate Judge Gary M. Purcell, but has transferred to the undersigned on July 3, 2012.

the pending dispositive motions. The time for Plaintiff's response to the three motions has long passed, and so all three motions are at issue and ready for disposition. For the following reasons, it is recommended that the motions for summary judgment, **ECF Nos. 161, 163** be **GRANTED,** and that the Joint Motion for Judgment, **ECF No. 181,** be **GRANTED IN PART AND DENIED IN PART.**

In reviewing the Court's docket in connection with the above motions, it has also come to the Court's attention that Plaintiff has failed to effect process on one remaining Defendant, Lisa Ford. For reasons discussed below, it is recommended that Plaintiff's claims against **Defendant Ford be DISMISSED** for Plaintiff's failure to effect service as required by Fed.R.Civ.P. 4(m).

## PROCEDURAL POSTURE

Plaintiff's Third Amended Complaint, ECF No. 157, is the pleading governing this action. As noted above, Plaintiff appears through counsel.

On May 9, 2011, Plaintiff, then acting *pro se*, filed his Complaint, ECF No. 1, against twenty-seven defendants. Plaintiff filed a First Amended Complaint on May 26, 2011. ECF No. 6. On February 13, 2012, DOC Defendants moved to dismiss or for summary judgment ECF No. 110. On March 14, 2012, LCF Defendants likewise filed a Motion to Dismiss/Motion for Summary Judgment. ECF No. 125. On May 1, 2012, prior to the deadline for Plaintiff's response to these motions, Counsel C. Robert Burton entered his appearance on behalf of Plaintiff. ECF No. 143. Burton immediately moved the Court for leave to file a Third Amended Complaint. ECF No. 144. The Court granted Plaintiff's Motion, but directed him to file his Third Amended Complaint by May 29,

2

2012. ECF No. 147. Plaintiff did not timely file his Third Amended Complaint. Instead, he sought and was granted an extension, and filed the Third Amended Complaint on June 4, 2012. ECF No. 157. In light of the filing of the Third Amended Complaint, which among other things eliminated some of the original Defendants, the pending dispositive motions were deemed moot and the deadline for filing dispositive motions was set for July 12, 2012. ECF No. 159.

On June 15, 2012, DOC Defendants moved to dismiss Plaintiff's Third Amended Complaint, or in the alternative for summary judgment in their favor. ECF No. 161. On July 6, 2012, the LCF Defendants moved for summary judgment. ECF No. 163. On July 11, 2012, Plaintiff sought an extension of twenty-one days to respond to the DOC Defendants' dispositive motion. ECF No. 164. The Court granted Plaintiff's motion and reset his response deadline for July 31, 2012. ECF No. 166.  On July 27, 2012, Plaintiff requested another extension of thirty-five days to respond to the LCF Defendants' Motion for Summary Judgment, or until August 31, 2012. ECF No. 167. On August 21, 2012, Plaintiff's counsel filed a Second Motion for Extension seeking an additional forty-five days, or until September 14, 2012, to respond to the DOC Defendants' dispositive motion. ECF No. 169. The Court granted Plaintiff's second request for more time, but warned him that "[i]n light of the generous extensions of time granted thus far, Plaintiff is cautioned that any future requests for extensions of time will be looked upon unfavorably." ECF No. 174.

Plaintiff has neither moved the Court for additional extensions of time nor responded to Defendants' pending dispositive motions; he is now several months out of

time to respond. The DOC Defendants state in their Joint Motion for Judgment that Plaintiff's counsel contacted DOC Defendants' counsel on October 31, 2012, and asked whether he would object to Plaintiff's intended request for an additional thirty days to respond to their dispositive motion. *See* ECF No. 181, p. 3. Plaintiff's counsel also stated that because his client would like to change his allegations concerning exhaustion of administrative remedy and might want to add new claims against new parties arising out of events that occurred after he filed his Third Amended Complaint, he would probably seek leave to file a Fourth Amended Complaint. *Id.* In the DOC Defendants' Joint Motion for Judgment, they note that counsel for both sets of Defendants have expressed their opinions that a Fourth Amended Complaint would likely amount to a futile attempt to avoid their third round of dispositive motions, but that neither has formally objected to the hypothetical Fourth Amended Complaint because no such complaint has been tendered. *Id.* at n. 1.

Plaintiff's counsel requested that DOC Defendants' counsel contact LCF Defendants' counsel to find out whether they would object to Plaintiff's proposed motion for a third extension of time; both counsel informed Plaintiff that he could move the Court for additional time unopposed. *Id.* Plaintiff has not sought a third extension of time. He was required to respond to LCF Defendants' dispositive motion on August 31, 2012, and was required to respond to DOC Defendants' dispositive motion on September 14, 2012. Finally, it is noted that Plaintiff has failed to effect service on Defendant Ford. Despite two unsuccessful attempts to effectuate service on this Defendant, no service has been made. *See* ECF Nos. 22, 139, 146, 170.

**PLAINTIFF'S ALLEGATIONS-THIRD AMENDED COMPLAINT**

In his one-count Third Amended Complaint, ECF No. 157, Plaintiff brings a claim under 42 U.S.C. § 1983, on ground that he was deprived of his right to exercise of his First Amendment rights by the following alleged acts:

Defendant Lee, in her position as the Faith & Character Based Program Coordinator at DCCC, published information that a faith based educational program was open to all faiths. Plaintiff sought admission into the program. Plaintiff was advised by Dianne Collins, Law Library Supervisor at DCCC that Lee was purportedly a lesbian. Plaintiff, given his Muslim faith, teachings, and doctrine could not be instructed or taught by a lesbian.  Plaintiff, in an effort to ascertain the truth, and observe his Muslim faith, corresponded with Lee, on August 4, 2010, and on August 18, 2010, inquiring whether she was a lesbian. Plaintiff alleges that Defendant Lee falsely and wrongfully asserted that she had been sexually harassed by him because of this correspondence. Plaintiff alleges that Defendants Deboe, Moles, and Lee, on or about August 30, 2010, put "false and highly inflammatory representations of fact" on a facility assignment form, claiming that he had sexually harassed Lee.

Plaintiff alleges that these false "sexual harassment" claims caused him "loss of level" on August 30, 2010. Plaintiff claims that he did not receive notice of the reduced level and change of classification.

On or about August 31, 2010, Plaintiff formally filed a grievance against Defendant Lee for her falsely and wrongfully asserting that she had been sexually harassed by him. Immediately after filing the grievance against Lee, Defendants

Province and Hood retaliated against Plaintiff by ordering him to be taken to the restricted housing unit (RHU). Plaintiff contends that a Sergeant Farrell inquired about the paperwork and charges, and a Captain Price stated, "There is none, just lock him up, that's all I was told."

Plaintiff alleges that Defendant Ford, who Plaintiff claims is "a confessed and acknowledged homosexual," retaliated against Plaintiff while he was in RHU, by withholding/delaying food between August 31, 2010 and September 7, 2010, the Muslim month of Ramadan. Plaintiff alleges that upon "information and belief," all the other Muslims in the General Population at DCCC and other inmates in the RHU received hot meals every day.

Plaintiff also alleges that after filing the grievance against Defendant Lee, he was ordered out of his college accounting class. He claims that while incarcerated in the RHU, he was subjected to continuous noise which deprived him of sleep, and was subjected to unhygienic living conditions such as flooding on numerous occasions with toilet urine and feces infested water.

Plaintiff alleges that upon his release from the RHU on September 14, 2010, he was called into Defendant Hood's office and advised that Defendant Province ordered Plaintiff to be locked up for filing his grievance against Lee, and that Defendant Hood followed the order even though he knew that Plaintiff's actions did not violate any rules or cause security concerns.

Plaintiff claims that Defendant Deboe, upon receipt of the "false claim of sexual harassment," did not provide any fundamental due process to Plaintiff in that he was

not informed of the serious charge, nor provided any hearing. Plaintiff alleges that Defendant Lee issued false and trumped-up claims that Plaintiff had committed "sexual harassment," knowing that these false charges would cause extensive retaliatory measures against Plaintiff including being placed in the RHU, demotion of his classification level, and loss of "college funding." He also claims that Defendant Lee's claims of sexual harassment resulted in the denial of Plaintiff's parole. He alleges that Terry Jenks was officially informed through Plaintiff's counsel about the information entered in the Plaintiff's "field file," and that Tracy L. George, Pardon and Parole Board General Counsel, acknowledged the false information entered in the field file for Plaintiff and forwarded to his counsel a "corrected copy" of the Parole Investigation Report.

Plaintiff contends that further retaliation occurred on October 20, 2010, when Defendants Miller and Caldwell ordered Rocky Cantwell, via instructions from Alicia Maddocks and others, to confiscate, search, and copy all of Plaintiff's legal materials and religious property. He alleges that retaliation continued when Plaintiff was purposely subjected to a "calculated transfer" from LCF to Cimarron Correction Facility (CCF) knowing the facility did not have a law library or law clerks while Plaintiff had pending cases in "federal district courts and the Tenth Circuit." Plaintiff alleges that he was transferred again on August 11, 2011 to LCC. He contends that since the time he raised his claims of constitutional violations, he was moved to five facilities.

As a result of the Defendants conduct set forth above, Plaintiff seeks relief against the Defendants in their official and individual capacities, seeking damages, attorney fees, costs of this action, interest as provided by law, and "such other relief as

is just and proper."

### STANDARD GOVERNING MOTIONS FOR SUMMARY JUDGMENT

Although the DOC Defendants have moved to dismiss or alternatively for summary judgment, materials outside the complaint have been considered and so the motion will be treated as a motion for summary judgment. Summary judgment shall be granted where the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court views the evidence and the inferences drawn from the record in the light most favorable to the nonmoving party. *Calhoun v. Gaines*, 982 F.2d 1470, 1472 (10th Cir. 1992); *Manders v. Oklahoma*, 875 F.2d 263, 264 (10th Cir. 1989). A dispute is "genuine," when viewed in this light, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). "Material facts" are "facts that might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248.

Once the movant has fulfilled his initial burden of showing an absence of a genuine issue of material fact and entitlement to judgment as a matter of law, the burden shifts to the nonmoving party to show that there is a genuine issue of material fact. *Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000). The nonmoving party "may not rest upon mere allegation" in his pleading to satisfy this requirement. *Anderson*, 477 U.S. at 256. Rather, Federal Rule of Civil Procedure 56(c) "requires the nonmoving party to go beyond the pleadings and by . . . affidavits, or by the

'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56).

## UNDISPUTED FACTS

Based upon the complaint, the Special Reports, and the evidentiary material cited in the pending motions, the following material facts are uncontroverted. In addition, Plaintiff has failed to respond to the motions for summary judgment, and so the undersigned finds that the undisputed facts listed by the movants in their motions are deemed admitted.

Plaintiff, Murtaza Ali, is incarcerated for a term of 25 years for two counts of Accessory After the Fact to Murder in the First Degree. ECF No. 124-1. Plaintiff also has a federal detainer for a consecutive sentence from the Northern District of Oklahoma. ECF No. 124-2. Plaintiff also has an Immigration and Customs Enforcement detainer. ECF No. 124-3. LCF is a private prison owned and operated by GEO Group, Inc., which is under contract with DOC to house Oklahoma inmates under the laws of the State of Oklahoma, and policies of DOC. ECF No. 124-13. David Miller was the warden at LCF during Plaintiff's incarceration, and Dean Caldwell is an Assistant Warden at LCF. ECF Nos. 124-7, 124-13. Plaintiff was housed at LCF from September 16, 2010, until he was transferred on February 17, 2011. ECF No. 124, pp. 1, 27. Plaintiff's personal property was searched by LCF employee Lt. Cantwell and an Agent from DOC Internal Affairs on October 20, 2010, at the direction of FBI Agent Ken Western. ECF Nos. 124-13, 124-15.

Defendants Carol Deboe, Curtis Hood, Irene Lee, Steve Moles, and Greg Province

are all employed by and worked for DOC during all times relevant to the allegations in the Third Amended Complaint. Plaintiff requested information regarding Irene Lee's sexual orientation. ECF No. 109-2, pp. 1-11. Plaintiff was separated from Irene Lee, following his continued efforts to obtain private information about her. ECF No. 109-7, pp. 1-11. The Faith and Character program at DCCC is voluntary and does not require or prohibit religious exercise. ECF Nos. 109-16, pp. 1-3. 109-17, pp. 1-3.

Plaintiff was placed on grievance restriction because he failed to follow the grievance procedure. ECF No. 109-11, pp. 1-8. Plaintiff's grievance restriction was extended because Plaintiff continued to abuse the grievance procedure. ECF No. 109-11, p. 6. Plaintiff failed to exhaust his administrative remedies. ECF No. 124-42, pp. 1-11.

## DISCUSSION

## I. Motion for Summary Judgment Of Defendants Deboe, Hood, Lee, and Province

### A. Eleventh Amendment Immunity

The DOC Defendants, sued in their official capacities first move for summary judgment on the basis of Eleventh Amendment immunity. ECF No. 161, p. 11. Plaintiff alleges claims against these Defendants individually and in their official capacity, who are employees of the State of Oklahoma. ECF No. 157, pp. 2-3.

Section 1983 provides redress for constitutional violations "committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). It is well established that neither a State nor an official of the State acting in his official

capacity is a "person" for purposes of § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64, 71 (1989). When a suit is brought against a state official in his official capacity, the real party in interest is the state. *Edelman v. Jordan*, 415 U.S. 651 , 665 (1974); *Branson Sch. Dist. RE-82 v. Romer*, 161 F.3d 619, 631 (10th Cir. 1998).

The Eleventh Amendment provides states with sovereign immunity from suit in federal court unless the state unmistakably waives its immunity or Congress explicitly abrogates the immunity by statute. *Welch v. Tex. Dep't of Highways and Pub. Transp.*, 483 U.S. 468, 473-74 (1987). Oklahoma has not waived its Eleventh Amendment immunity. *Ramirez v. Okla. Dep't of Mental Health*, 41 F.3d 584, 589 (10th Cir. 1994), *overruled on other grounds*, *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1194-97 (10th Cir.1998); *see also* Okla. Stat. tit. 51, §§ 152.1, 153 (adopting doctrine of sovereign immunity for state of Oklahoma, its political subdivisions and its employees acting with the scope of their employment). Further, Congress did not abrogate the sovereign immunity of states by enacting 42 U.S.C. § 1983. *Quern v. Jordan*, 440 U.S. 332, 345 (1979). It is therefore recommended that to the extent Plaintiff brings claims against the DOC Defendants in their official capacities, the claims should be dismissed based on Eleventh Amendment immunity.

### B.  Failure to Exhaust Administrative Remedies

The DOC Defendants also seek summary judgment for Plaintiff's failure to exhaust his administrative remedies. ECF No. 161, p. 14.  As noted in the undisputed facts listed above, the DOC Defendants have presented evidence showing that Plaintiff failed to exhaust his administrative remedies with regard to his claims against them,

and he has failed to come forward with any evidence to dispute this material fact.

According to the Prison Litigation Reform Act (PLRA), 42 U.S.C. §1997e(a), a prisoner is required to exhaust his administrative remedies on each claim he asserts prior to filing a lawsuit. *See Booth v. Churner*, 532 U.S. 731, 741 (2001). No unexhausted claim may be considered in court. *Jones v. Bock*, 549 U.S. 199, (2007). Furthermore, a prisoner must exhaust each step of a prison system's grievance procedure in full compliance with the procedure's requirements. *Jones,* 549 U.S. at 218; s*ee also Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). The exhaustion must occur prior to the prisoner bringing a lawsuit on his claims. *Jernigan,* 304 F.3d at 1032. The prison's procedural requirements themselves – not the Prison Litigation Reform Act – determine whether a grievance or grievance paperwork was properly submitted. *Jones*, 549 U.S. at 218. As the Tenth Circuit has determined, any claim that was not properly exhausted in full compliance with the grievance process and is procedurally barred should be dismissed with prejudice. *See Kikumura v. Osagie*, 461 F.3d 1269, 1290 (10th Cir. 2006); *overruling on other grounds recognized by Robbins v. Oklahoma*, 519 F.3d 1242 (10th Cir. 2008).

The procedure to exhaust administrative remedies is that the inmate first files a Request to Staff ("RTS") within seven days of the incident over which the inmate is complaining. *See* Offender Grievance Procedure, ECF No. 124-40, pp. 1-22. Only one issue may be raised per each RTS. If the inmate does not get an adequate response, he may file a formal grievance with the facility head or the medical director (for medical issues) within 15 days after the RTS. *Id*. at V(A). If the inmate does not receive an

adequate response to the grievance, he may request administrative review by appealing the grievance response to the Administrative Review Authority (ARA) within 15 days after receiving a response to a grievance. *Id.* at VII(B). If, after 30 days, the inmate has not received a response to his formal grievance, he may appeal to the ARA requesting only that his grievance be answered. *Id.* at V(C). To exhaust his administrative remedies pursuant to DOC's grievance procedures, a prisoner within DOC's custody is required to not only properly and timely file a grievance regarding each issue to the facility head, but to also properly and timely appeal the facility's response to each of those issues to the ARA (or to Medical Services for medical issues). *Id.* at VII. Only a proper appeal to the ARA results in a final order exhausting the administrative process. *Id.* at VII(D).

The DOC Defendants have provided undisputed evidence that Plaintiff failed to exhaust the claims alleged in his Third Amended Complaint. Plaintiff's claims regarding his level reduction, participation in the Faith and Character program, placement in segregated housing, and response to his request regarding the sexual orientation of a staff member, were not fully exhausted as Plaintiff failed to comply with the grievance procedure requirements for an inmate who has been placed on grievance restriction. Plaintiff failed to assert any other claims. Accordingly, it is recommended that summary judgment be granted in favor of the DOC Defendants for Plaintiff's failure to exhaust his administrative remedies.

In summary, the entitlement of the DOC Defendants to Eleventh Amendment immunity with regard to Plaintiff's official capacity claims and Plaintiff's failure to

13

exhaust his administrative remedies with regard to his other claims are dispositive of all claims. Accordingly, it is unnecessary to address the DOC Defendants' other grounds in support of their motion for summary judgment. It is therefore recommended that summary judgment be granted in favor of Defendants Deboe, Hood, Lee, Moles, and Province. It is recommended that the individual capacity claims be dismissed with prejudice; however, dismissal of the official capacity claims under the Eleventh Amendment should be without prejudice. *Schrader v. Richardson,* 461 Fed.Appx. 657, 660 (10th Cir. Jan. 31, 2012) (citing *Korgich v. Regents of N.M. Sch. of Mines*, 582 F.2d 549, 550 (10th Cir. 1978).

## II. Motion for Summary Judgment of Defendants Caldwell and Miller

Defendants Caldwell and Miller raise several grounds in support of their motion to summary judgment. However, the undersigned finds two of those grounds to be dispositive and so will limit the discussion accordingly.

### A. Lack of Personal Participation

Defendants Miller and Caldwell argue that the undisputed facts show that they had no personal participation in the acts about which Plaintiff complains. ECF No. 163, p. 7.

Personal participation is an essential allegation in a § 1983 claim. *Mitchell v. Maynard*, 80F.3d 1433, 1441 (10th Cir. 1996). In *Larson v. Meek*, 04-1169, 2007 WL 1705086 (10th Cir. June 14, 2007)(unpublished op.), the Tenth Circuit held that "denial of grievances alone is insufficient to establish personal participation." In *Blinder, Robinson & Co. v. U.S.S.E.C.*, 748 F.2d 1415, 1419 (10th Cir. 1984), the Tenth Circuit

held that "to state a constitutional claim, plaintiff must do more than simply state a conclusion or engage in 'artful pleading.' ...A Plaintiff must state a compensable claim for relief that details the facts forming the basis for the claim." Supervisory status alone is not sufficient to establish liability in a § 1983 claim. *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008). There, the plaintiff alleged in his complaint suspicions that the defendant maintained an unwritten policy against referring inmates to specialists. *Id.* The Court held that it was not error to dismiss claims as to that defendant. *Id.*

Under § 1983, in order to state a claim of supervisor liability a plaintiff must make a showing of an "affirmative link between the constitutional violation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise." *Green v. Jackson*, 108 F.3d 1296, 1302 (10th Cir. 2008). In *Green*, the Court found personal participation because the plaintiff alleged in his complaint that the warden was notified of an assault on the plaintiff, but did nothing to assist him. *Id.* The undisputed facts show that Warden Miller was not involved in Lt. Cantwell's search of his cell and legal materials on October 20, 2010. ECF No. 157, p. 6. According to Warden Miller, he was not involved in the search of Plaintiff's cell, and the search was the result of an FBI investigation. ECF No. 124-13. Lt. Cantwell also states that the search involved the FBI and DOC Internal Affairs. ECF No. 124-15. Contrary to Plaintiff's claims that Warden Caldwell directed Lt. Cantwell to search Plaintiff's cell on October 20, 2010, Warden Caldwell states that he was not contacted by anyone from Internal Affairs nor did he direct anyone to search Plaintiff's cell. ECF No. 124-7. This statement finds support in the undisputed facts contained in the affidavit of Lt. Cantwell. ECF No.

124-15. Plaintiff has failed to come forward with any evidence showing that Warden Caldwell or Miller participated in any of the acts underlying his retaliation claim. *Id.*

Accordingly, it is recommended that the motion for summary judgment of Defendants Miller and Caldwell be granted.

### B. Failure to Exhaust Administrative Remedies

Defendants Miller and Caldwell also raise Plaintiff's failure to exhaust his administrative remedies as grounds for summary judgment. As noted in connection with the DOC Defendants' motion for summary judgment, 42 U.S.C. § 1997e requires prisoners bringing claims under § 1983 to exhaust their administrative remedies before filing suit.

LCF abides by the policy and procedures of the Oklahoma Department of Corrections regarding grievance procedures, which were discussed above in connection with the DOC Defendants' motion for summary judgment. Debbie Morton reviewed Plaintiff's grievance appeals to the Administrative Review Authority and found that Plaintiff failed to properly exhaust his administrative remedies concerning any issues that he raised against LCF. ECF No. 124-42. According to Ms. Morton, the only issue that Plaintiff attempted to exhaust was his claim that he was not provided with a copy of his grievance log. *Id.* The only issue that seems to arise with Plaintiff's exhaustion of his administrative remedies is that Plaintiff was not provided grievance forms by Lt. Cantwell. While this fact could under some circumstances excuse Plaintiff from exhausting his administrative remedies, Plaintiff's inability to exhaust appears to have arisen during the middle of January 2011. ECF No. 124, Atts. 15, 42. This fact obviously

does not excuse Plaintiff from exhausting his administrative remedies as to any matters prior to that date. This includes the issue regarding the search of his property on October 20, 2010. Accordingly, in light of the facts showing that Plaintiff failed to exhaust his administrative remedies with regard to events at LCF—facts that Plaintiff has failed to counter, it is recommended that summary judgment be granted in favor of Defendants Miller and Cardwell.

### III. DISMISSAL OF DEFENDANT FORD FOR FAILURE TO SERVE

Additionally, the time limit for effecting proper service on Defendant Ford has passed and therefore, this case is subject to dismissal under Fed.R.Civ.P. 4(m). The Court's preliminary inquiry under Rule 4(m) is to determine if Plaintiff has shown good cause for his failure to timely effect service. *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir.1995). "If good cause is shown, the plaintiff is entitled to a mandatory extension of time. If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted." *Espinoza*, 52 F.3d at 841. Although Plaintiff was apparently unable to serve Defendant Ford because she was no longer employed by DOC, former Defendant Justin Jones provided information as to Ford's last known address. ECF Nos. 22, 139, 146. Despite this information, the summons to Defendant Ford was again returned unexecuted.

In this case Plaintiff is represented by counsel who presumably has more resources available to discover an address for Defendant Ford. However, no new summons has been requested since the last unsuccessful attempt on August 17, 2012. Thus, the undersigned finds no good cause for this delay.

17

Nonetheless, the Court must still consider whether a permissive extension of time is warranted. *Espinoza*, 52 F.3d at 841-42. In doing so, the Court must consider the current posture of this case. This case has been pending since May of 2011, and it has been recommended that all remaining Defendants be dismissed for reasons that would be equally applicable to Defendant Ford. Thus, it does not appear that any prejudice will befall Plaintiff if a permissive extension is not allowed—even if Plaintiff were given more time to serve Defendant Ford, and he were successful, his claims against her would no doubt be subject to dismissal. Also relevant to the undersigned's finding that a permissive extension to serve is not warranted is Plaintiff's failure to even respond to the dispositive motions of the other Defendants despite generous extensions of time to do so.

Accordingly, the undersigned recommends that no additional time be permitted to allow further service attempts on Defendant Ford, and that Plaintiff's claims against her be dismissed without prejudice under Fed.R.Civ.P. 4(m).

## **RECOMMENDATION**

In light of the foregoing, it is recommended that the Motion to Dismiss/Motion for Summary Judgment Regarding Plaintiff's Third Amended Complaint by Defendants Carol Deboe, Curtis Hood, Irene Lee, Steve Moles, and Greg Province (Motion for Summary Judgment of DOC Defendants), **ECF No. 161**; and the Motion for Summary Judgment in Response to Plaintiff's Third Amended Complaint by Defendants Dean Caldwell and David Miller (Motion for Summary Judgment of LCF Defendants), **ECF No. 163** be **GRANTED.** In light of this recommendation, it is further recommended that the

18

Joint Motion for Judgment and Brief in Support by Dean Caldwell, Carol Deboe, Curtis Hood, Irene Lee, David Miller, Steve Moles, and Greg Province (DOC Defendants Joint Motion for Judgment), **ECF No. 181**, be **DENIED AS MOOT**. Finally, it is recommended that all claims against Defendant Ford be **DISMISSED** for failure to timely effect service. It is also noted that when Plaintiff filed his Third Amended Complaint, he omitted previously named Defendants; this was in effect a voluntary dismissal of those Defendants, and the Clerk of Court should show that the following Defendants were **TERMINATED** as of June 4, 2012, the date the Third Amended Complaint was filed: **Cantwell, Jones, Boone, Morton, Johnson, Cave, Hildner, Anderson, Halvorson, Welker, Maddocks, Tinker, Clarke, Hollier, Mustain, Watkins, Butler, and all Jane and John Doe Defendants.** Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of Court by **March 8, 2013**, in accordance with 28 U.S.C. § 636 and Fed.R.Civ.P. 72. Plaintiff is further advised that any failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation **disposes of all issues referred** to the undersigned Magistrate Judge in the captioned matter.

      **ENTERED** on February 19, 2013.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE