IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MURTAZA ALI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CIV-11-505-C |
| | ) | |
| IRENE LEE; STEVE MOLES; CAROL | ) | |
| DEBOE; GREG PROVINCE; CURTIS | ) | |
| HOOD; LISA FORD; DAVID MILLER; | ) | |
| and, DEAN CALDWELL, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff brought the present action pursuant to 42 U.S.C. § 1983, seeking recompense for alleged violations of his constitutional rights. Consistent with the provisions of 28 U.S.C. § 636(b)(1)(B), this action was referred to United States Magistrate Judge Shon T. Erwin. Judge Erwin entered a Report and Recommendation ("R&R") on February 19, 2013, to which Plaintiff timely objected.

The substantive facts and law are accurately set out in the Magistrate Judge's Report and Recommendation and there is no purpose to be served in repeating them yet again. As Judge Erwin noted, two grounds exist which warrant dismissal of Plaintiff's claims against Defendants Deboe, Hood, Lee, Moles, and Province; namely, that Plaintiff failed to exhaust administrative remedies prior to filing the present action and that his claims against these Defendants in their official capacities are barred by the Eleventh Amendment. On these grounds, Judge Erwin recommends dismissal. As for Defendants Miller and Cooper, Judge

Erwin recommends dismissal of the claims against them for failure to exhaust administrative remedies or judgment for lack of personal participation.  Finally, Judge Erwin recommends that Plaintiff's claims against Defendant Lee be dismissed for failure to timely effect service on her.

Although Plaintiff failed to respond to Defendants' Motions before Judge Erwin,[*] he now objects to the R&R, complaining of a number of Judge Erwin's factual determinations. Of relevance here is Plaintiff's assertion that he has, in fact, exhausted the available administrative remedies.  In support, Plaintiff directs the Court to a number of pleadings in the Court file.   After review of the referenced documents, the Court finds that none demonstrate exhaustion.   Some of the documents are merely pleadings and therefore insufficient to rebut a properly supported summary judgment motion.  See Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990) ("the nonmoving party may not rest on its pleadings but must set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof") (citing Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)).  To the extent Plaintiff relies on documents other than the pleadings, those documents do not demonstrate exhaustion.  At best, the documents suggest that Plaintiff began the process as to some of his

---

[*]   As Judge Erwin noted, Plaintiff, who is represented by counsel, was given multiple extensions of time to respond to Defendants' motions.  In his Objection, Plaintiff asserts that he instructed his attorney not to communicate with him because of Plaintiff's fear that his legal mail was being read.  Plaintiff then requests the Court set a date certain for the responses to be filed. Plaintiff's request will be denied.  Judge Erwin was clear in setting several specific dates for Plaintiff's Responses.  That Plaintiff elected to ignore those dates and instruct his attorney to do the same, does not now entitle him to additional time to respond.

claims.  In his Objection, Plaintiff argues that he did not complete the administrative process because it would have been futile.  However, the Tenth Circuit has held that futility does not excuse exhaustion under the Prison Litigation Reform Act.  See Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002).  To the extent Plaintiff argues that he was prevented from exhausting and therefore exhaustion should be excused, there is no evidentiary support for this argument.

Judge Erwin also noted that Plaintiff's claims against Defendants Deboe, Hood, Lee, Moles, and Province in their official capacities are barred by the Eleventh Amendment. Plaintiff's Objection offers no basis to question the propriety of this recommendation and it will be adopted.

Judge Erwin recommended judgment be entered in favor of Defendants Caldwell and Miller based on Plaintiff's failure to raise questions of fact about these Defendants' personal participation in the alleged wrongs.  Although Plaintiff offers some legal argument which he claims demonstrates error in Judge Erwin's reasoning, he has failed to counter the undisputed material facts relied on by Judge Erwin.  Those facts establish that neither Defendant Caldwell nor Defendant Miller participated in the wrongs alleged by Plaintiff in a manner that would give rise to liability.  Accordingly, Judge Erwin's R&R will be adopted on this issue.

Finally, Plaintiff does not address Judge Erwin's recommendation that the claims against Defendant Lee be dismissed for failure to serve, or that even if Defendant Lee had

been served, that the claims against her would be subject to dismissal for the above noted reasons. Therefore, that recommendation will also be adopted.

As set forth more fully herein, the Court adopts, in full, the Report and Recommendation of the Magistrate Judge (Dkt. No. 183). The Motion to Dismiss/Motion for Summary Judgment of Defendants Deboe, Hood, Lee, Moles, and Province (Dkt. No. 161) is GRANTED; the Motion for Summary Judgment of Defendants Miller and Caldwell (Dkt. No. 163) is GRANTED; and the Joint Motion for Judgment of all Defendants (Dkt. No. 181) is GRANTED. A judgment will enter accordingly.

IT IS SO ORDERED this 15th day of March, 2013.


ROBIN J. CAUTHRON
United States District Judge